579 A.2d 815

IN THE MATTER OF HUBERT JOHNSON, AN
ATTORNEY AT LAW.

September 27, 1990.

The Clients' Security Fund having petitioned this Court for an Order directing the release of $845.86, together with accrued interest, now being held in the Superior Court Trust Fund, which monies are from the trust and business accounts of HUBERT JOHNSON, formerly of HILLSIDE, who was suspended from the practice of law by this Court's order of December 16, 1982, and it further appearing that the Clients' Security Fund has, pursuant to *R.* 1:28-3, approved payment of claims in the total amount of $30,701.68 resulting from the dishonest conduct of HUBERT JOHNSON, and this Court having issued an order on July 11, 1990, which order directed that, after publication in the *New Jersey Law Journal,* any person with a claim to said funds was to notify the Clients' Security Fund in writing of that claim, and the State of New Jersey, Division of Taxation, having filed a claim to that portion of the funds attributable to Hubert Johnson's business account but not his trust account, and the Clients' Security Fund having made diligent inquiry to the Superior Court Trust Fund, the Office of Attorney Ethics, the Crestmont Federal Savings and Loan Association, and the City National Bank of Newark, in an effort to trace the funds held, and that inquiry having been unsuccessful in determining which funds are attributable to Hubert Johnson's trust account and which to his business account, and the State of New Jersey, Division of Taxation and the Clients' Security Fund having reached an amicable agreement as to the distribution of these funds, and for good cause shown,

It is ORDERED that all monies held in the Superior Court Trust Fund, including accrued interest, are to be divided equally between the Clients' Security Fund of the Bar of New Jersey and the State of New Jersey, Division of Taxation.